IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 3:14-00736 |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| **ERIC DEAN SMITH** | ) | |
| | ) | |

**General Provisions**

This PLEA AGREEMENT is made this 2nd day of April, 2015, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Jane B. Taylor; the Defendant, **ERIC DEAN SMITH**, and Defendant=s Attorney, Deborah B. Barbier, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to **Counts 1** and **24** of the Superseding Indictment now pending, which charge A**Conspiracy to Possess with Intent to Distribute and to Distribute 5 kilograms or more of Cocaine and 280 grams or more of Cocaine Base**,@ a violation of Title 21, United States Code, ' 846 (Count 1) and "**Buying, Possessing, Transporting and Receiving an Animal in Interstate Commerce for Participation in an Animal Fighting Venture**," a violation of Title 7, United States Code, § 2156 (Count 24).

In order to sustain its burden of proof, the Government is required to

prove the following:

Count 1

(1) The conspiracy described in the Superseding Indictment to distribute the charged amount of controlled substances was willfully formed and was existing at or about the alleged time;

(2) The defendant willfully became a member of the conspiracy; and

(3) The defendant distributed a quantity of a controlled substance(s) equal to or in excess of the amount charged in Count 1, agreed to assist in the distribution of a quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1, or the distribution of the threshold quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1 was reasonably foreseeable to the defendant and same was within the scope of the defendant's agreement and understanding.

The penalty for this offense is:

> 21 USC 841(a)(1), 841(b)(1)(A) - in a case involving 5 kilograms or more of cocaine and 280 grams or more of cocaine base, and two or more prior felony drug convictions - a mandatory term of life imprisonment, no probation, no parole, a fine of $20,000,000, plus a special assessment of $100.

Count 24

(1) The defendant knowingly bought, possessed, transported or received an animal;

(2) The defendant did so for the purpose of having the animal participate in an animal fighting venture, that is, any event, in or affecting interstate or foreign commerce, that involves a fight conducted between at least two animals for purpose of sport, wagering or entertainment, but not including hunting.

The penalty for this offense is:

> 7 USC 2156(b), 18 USC 49 – a maximum term of imprisonment of five (5) years, a fine of $250,000, and a term of supervised release

of 3 years, plus a special assessment of $100.

2. The defendant understands and agrees that monetary penalties [ i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC ' 3613. The defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC '' 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. <u>Special Assessment</u>: Pursuant to 18 U.S.C. '3013, the Defendant must pay a special assessment of $100.00 or each felony count for which he/she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B. <u>Restitution</u>: The Defendant agrees to make full restitution under

        18 U.S.C. ' 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by her scheme or pattern of criminal activity, pursuant to 18 U.S.C. ' 3663 <u>and as more fully set forth in paragraph 14 below</u>. The Defendant agrees to cooperate fully with the Government in identifying all victims.

   C.   <u>Fines</u>: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.   Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to '1B1.3 of the United States Sentencing Guidelines.

4.   The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant=s abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or

implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he/she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the

Defendant understands that:

a. the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;

b. all additional charges known to the Government may be filed in the appropriate district;

c. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

d. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government=s satisfaction will result, at the Government=s sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant=s applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission

Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    a. known to the Government prior to the date of this Agreement;

    b. concerning the existence of prior convictions and sentences;

    c. in a prosecution for perjury or giving a false statement; or

    d. in the event the Defendant breaches any of the terms of the Plea Agreement.

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines '5K1.1, Title 18, United States Code, ' 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his/her plea.

9. The Defendant stipulates and agrees that he has two or more prior felony drug convictions that have become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. ' 851 which subjects him to enhanced penalties. The Defendant further

stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of ' 851, including service, and constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. ' 851 in accordance with this paragraph.

10. Provided the Defendant cooperates and complies with all the provisions of this Plea Agreement, the Attorneys for the Government agree to withdraw at sentencing an enhancement or enhancements contained in the Information previously filed pursuant to 21 U.S.C. ' 851, such that the Defendant should be held accountable for one prior felony drug conviction described in that Information. <u>As a result, the Defendant would face a mandatory minimum sentence of 20 years</u>.

11. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of, any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the defendant agrees to voluntarily surrender and not contest the forfeiture of property identified in the Superseding Indictment, and any forfeiture Bill of Particulars, and a money judgment in the amount of $945,000.00, representing the

amount of gross proceeds of the offense(s) of conviction.

Following the entry of this plea agreement, defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

(1) Any property, real and personal, constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of the criminal course of conduct charged in the Superseding Indictment, and all property traceable to such property;

(2) Any property, real and personal, used or intended to be used in any manner or part, to commit or to facilitate the commission of such violations;

(3) Any firearms and ammunition involved in violations of Title 21, United States Code, firearms violations, or any other criminal law of the United States;

(4) Money Judgment:
The Defendant consents to the entry of a personal money judgment against the Defendant and in favor of the United States in the amount of $945,000 in United States currency, with interest, as of the date of entry of judgment;

(5) Firearms / Ammunition:

    a. Bernardelli (mod.60) 7.65

     Serial No. 61906
     Seized from: Eric Smith's residence

  b. Smith and Wesson (revolver).38
    Serial No. D511658
    Seized from: Eric Smith's residence

  c. Bond Arms Snake Slayer 45Colt
    Serial No. 72554
    Seized from: Eric Smith's residence

  d. Charter Arms Bulldog (revolver).44
    Serial No. 243159
    Seized from: Eric Smith's residence

  e. Ruger Rifle (10/22 w/scope) .22
    Serial No. 247-67410
    Seized from: Eric Smith's residence

(6) Other Property:

  a. Approximately $862.00 in U.S. currency seized on October 1, 2014, from Eric Smith

  b. Approximately $11,065.00 in U.S. currency seized on October 1, 2014, from Eric Smith

  c. Approximately $1,500.00 in U.S. currency seized on October 24, 2014 from Eric Smith's residence

  d. 1 Shop press seized on October 1, 2014 from the residence of Eric Smith

  e. 1 Dog treadmill seized on October 1, 2014 from the residence of Eric Smith

  f. All dogs seized on October 1, 2014; October 24, 2014; and November 15, 2014 from the property of Eric Smith and any puppies born from such seized dogs as delineated in the Superseding Indictment

With regard to each and every asset listed in the Superseding Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and

will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

The assets to be forfeited specifically include, but are not limited to, a money judgment representing the amount of gross proceeds of the offense(s) of conviction.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets

as authorized herein shall not be deemed an alteration of the Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

12. The Defendant further agrees to the following:

   a. To surrender to the American Society for the Prevention of Cruelty to Animals ("ASPCA") the dogs seized on October 1, 2014; October 24, 2014; and November 15, 2014 from the property of the defendant, Eric Smith, and any puppies born from the seized dogs.

   b. To make full restitution for the full amount of the costs associated with the disposition of all dogs as determined by the Court at sentencing. Such costs may include, but are not limited to, all costs associated with the care, removal, upkeep, and placement of the seized dogs while this case was ongoing and, if necessary, humane euthanasia.

   c. To the imposition of a lifetime ban on dog ownership.

## Merger and Other Provisions

13. The Defendant represents to the court that he/she has met with his/her attorney on a sufficient number of occasions and for a sufficient period of

-13-

time to discuss the Defendant=s case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant=s right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant=s behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government=s witnesses, the Defendant=s right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant=s free and voluntary choice, and not as a result of pressure or intimidation by any person.

14. The Defendant is aware that 18 U.S.C. ' 3742 and 28 U.S.C. ' 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings

under 28 U.S.C. ' 2255. (This waiver *does not apply* to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. ' 2255.)

15. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. ' 552, or the Privacy Act of 1974, 5 U.S.C. ' 552a.

16. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

4-2-15
DATE

**ERIC DEAN SMITH**,
Defendant

4-2-15
DATE

Deborah B. Barbier
Attorney for the Defendant

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

BY: *(signature)*
Jane B. Taylor
Assistant U. S. Attorney

4.3.15
DATE